# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

HAMPSHIRE, ss.                                    SUPERIOR COURT DEPARTMENT OF
                                                  THE TRIAL COURT
                                                  Civil Action No.:

BRYAN A. MUSA,                          )
                                        )
            Plaintiff                   )
                                        )                    **RECEIVED**
v.                                      )
                                        )            Superior Court - Hampshire
CENLAR AGENCY, INC.,                    )
                                        )                    9/28/2021
            Defendant                   )


## COMPLAINT AND DEMAND FOR JURY TRIAL


## PARTIES

1.    Plaintiff BRYAN A. MUSA is a natural person with a residential address of 351

      Pleasant Street, #104 Northampton, Massachusetts.

2.    Defendant CENLAR AGENCY, INC. is a foreign corporation headquartered at 425

      Phillips Boulevard, Ewing, New Jersey that conducts business throughout the

      Commonwealth of Massachusetts.


## JURISDICTION AND VENUE

3.    This Court has jurisdiction over this matter pursuant to Massachusetts General Laws

      Chapter 212, Section 3.  Venue is proper in this Court because Plaintiff is located

      within this judicial district and Plaintiff's damages are more than fifty thousand

      dollars ($50,000.00).

1

## FACTS

4.      On or around, May 10, 2007, Mr. Musa was approved and closed on a Home Equity

Line of Credit ("HELOC") with Citibank.  Subsequent to the original HELOC

agreement, Citibank transferred the loan to Defendant CENLAR AGENCY, INC.

("CENLAR") sometime after that.

5.      In the summer of 2020 Mr. Musa requested forbearance on his HELOC for various

COVID related concerns.

6.      On or around September 2020, Mr. Musa's normal payments resumed.

7.      On or around November 1, 2020, Mr. Musa received a notice from a credit

monitoring service indicating that Mr. Musa had negative mark on his credit report

due to a late payment associated with his account with CENLAR.

8.      Mr. Musa contacted CENLAR regarding this alert; no one was able to explain why

the late payment notice was issued, nor would they accept a payment from Mr. Musa.

9.      Mr. Musa attempted to make many additional phone calls to CENLAR to resolve the

situation over the next two (2) months, only to have his payment information taken

early in a call to be told later in the call they could not accept payment; and/or to be

transferred countless times without any answer or explanation regarding the

discrepancies with Mr. Musa's CENLAR account.

10.     One notable event took place on or around December 28, 2020.  Mr. Musa spoke to a

representative from CENLAR who indicated that payment in the amount of five

hundred thirty-three dollars and thirty-eight cents ($533.85) was due on Mr. Musa's

account.  Accordingly, Mr. Musa made an online payment in this amount on

December 28, 2020.  On or around January 7, 2021, this payment was returned to Mr.

2

Musa's bank account via ACH, with no explanation from CENLAR as to why it was returned. Once again Mr. Musa was unable to get in contact with anyone from CENLAR despite repeated attempts.

11.     Mr. Musa was finally able to speak to CENLAR Representative #1265 on January 14, 2021. During this conversation, Representative #1265 told the Plaintiff that his loan balance was fully paid off and only "a small remnant amount remained due." This representative instructed Mr. Musa to submit a written payoff request to CENLAR to obtain a payoff statement related to his mortgage loan.

12.     On January 14, 2021, Mr. Musa then sent a written payoff request to CENLAR, to the address and in the fashion indicated by CENLAR Representative #1265.

13.     Mr. Musa never received the payoff balance he requested, despite making numerous subsequent written requests of CENLAR for a payoff statement.

14.     At the end of January, Mr. Musa entered into a purchase and sale agreement for a residential property. At this time, Mr. Musa's attorney handling the real estate transaction also requested a payoff statement from CENLAR on Mr. Musa's behalf, however no payoff statement was ever provided by CENLAR. As a result, there was a significant delay in the closing on the real property, resulting in a financial loss for Mr. Musa.

15.     As of the date of this Complaint, Plaintiff has yet to receive a payoff statement from Defendant.

16.     Plaintiff has demanded a payoff statement from the Defendant in writing at least (3) times and Defendant has ignored every such request.

17. In another notable phone call on February 25, 2021, the Plaintiff spoke to CENLAR
    Representative #9171, who indicated that the balance owed on Mr. Musa's account
    was approximately six hundred dollars ($600.00). Plaintiff was then transferred to
    the payoff department, where he was on hold for an unreasonable amount of time and
    eventually had to hang up, after receiving no information from CENLAR.

18. In a subsequent conversation with CENLAR Representative #3583, Plaintiff was told
    that the payoff amount would be faxed and mailed to him; it never was.

19. As of the date of this Complaint, Plaintiff is unsure of the status of his account with
    CENLAR; Plaintiff has attempted to communicate with CENLAR several times, only
    to be endlessly transferred and disconnected.

20. Defendant is continuing to report late payments to Plaintiff's account, despite
    Defendant's past representations regarding the account status. CENLAR has
    represented to Plaintiff that the account is paid off and also that the account still had a
    balance, with discrepancies in the alleged amount owed depending on which
    Representative Plaintiff speaks to.

21. Plaintiff, through counsel, served a demand letter pursuant to M.G.L. ch. 93A on July
    14, 2021. As of the date of this complaint, Defendant has yet to respond to said
    demand.

## COUNT I
## NEGLIGENCE

22. Plaintiff realleges and incorporates by reference every allegation contained in
    paragraphs 1-21.

23. Defendant owed a duty to Plaintiff to make accurate reports to the Plaintiff's credit.

24.     Defendant breached this duty by continuing to report late payments to credit bureaus which affected Plaintiff's credit despite CENLAR returning monies to Plaintiff and stating the account was paid off.

25.     As result of Defendant's breach, Plaintiff has suffered damages due to erroneous negative marks on his credit report, which have caused denial for loans, and the inability to finance and refinance property.

26.     Additionally, Defendant's negligence has caused irreparable damage to Plaintiff's once excellent credit score, the effects and damages of which are vast, long-lasting. Plaintiff's financial harm and loss is ongoing.

27.     Plaintiff has suffered emotional and mental anguish as a result of this negligence, as the negative credit reporting causes substantial embarrassment and has a significant impact on the Plaintiff's earning capacity.


## COUNT II
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

28.     Plaintiff realleges and incorporates by reference every allegation contained in paragraphs 1-27.

29.     In entering a contract with the Plaintiff, Defendant was subject to an implied obligation to Plaintiff to act in good faith and deal fairly in its services rendered to Plaintiff.

30.     Defendant violated this covenant by acting in bad faith and dealing unfairly with Plaintiff as detailed above.

31.     Defendant did not produce payoff statements to Plaintiff as required by law, despite repeated statements by CENLAR representatives that they would do so.

Additionally, Defendant unfairly and repeatedly reported late payments to credit bureaus effecting Plaintiff's credit score.

32. The Defendant's conduct has caused the Plaintiff to suffer damages.

## COUNT III
## VIOLATION OF M.G.L. CH. 183 § 54D

33. Plaintiff realleges and incorporates by reference every allegation contained in paragraphs 1-32.

34. Under M.G.L. Ch. 183 § 54D, Defendant was required to provide a payoff statement to the Plaintiff within five (5) days of Plaintiff's written request.

35. Plaintiff issued at least three (3) written requests to Defendant for a payoff statement between January 2021 and February 2021.

36. Not only did the Defendant not issue the payoff statement in the five (5) day statutory requirement, the Defendant has yet to issue a payoff statement to the Plaintiff and it has been over six (6) months since the first written request was submitted to the Defendant.

37. Plaintiff suffered significant financial damages as a result of Defendant's violation of the statute.

## COUNT IV
## VIOLATION OF M.G.L. CH. 93A §§ 2 & 9

38. Plaintiff realleges and incorporates by reference every allegation contained in paragraphs 1-37.

39. Defendant is engaged in the trade or business of mortgage financing for real property

and has during the course of its dealing with Plaintiff engaged in unfair and deceptive practices within the meaning of M.G.L. ch. 93A.

40. Defendant engaged in a myriad of unfair and deceptive business practices including but not limited to: not accepting payment from Plaintiff; returning payments made by Plaintiff with no explanation and then reporting past due payments to credit bureaus negatively effecting Plaintiff's credit, representing that Plaintiff's account with Defendant was closed while still reporting past due payments to credit bureaus effecting Plaintiff's credit and failing to provide a payoff statement within the required statutory time frame.

41. Defendant violated M.G.L. ch. 93A §§ 2 and 9 by engaging in unfair and deceptive business practices, which are unlawful.

42. Plaintiff sent a written demand letter to Defendant in accordance with M.G.L. ch. 93A § 9, which was received by Defendant on July 14, 2021. Defendant has yet to respond to Plaintiff or Plaintiff's counsel.

43. As a result of this violation, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant and requests this Court to:

a. On Count I, enter a monetary judgment for Plaintiff BRYAN A. MUSA against Defendant CENLAR AGENCY, INC. for the full amount of damages Plaintiff has suffered as a result of Defendant's negligence, including Plaintiff's costs, fees and reasonable attorney's fees;

b. On Count II, award Plaintiff BRYAN A. MUSA a monetary judgment against Defendant CENLAR AGENCY, INC., based on Defendant's breach of good faith and fair dealing, including Plaintiff's costs, fees and reasonable attorney's fees; and

c. On Count III, award Plaintiff BRYAN A. MUSA a monetary judgment against Defendant CENLAR AGENCY, INC., based on Defendant's breach of M.G.L ch. 183 § 54D, including Plaintiff's costs, fees and reasonable attorney's fees; and

d. On Count IV, award Plaintiff BRYAN A. MUSA a monetary judgment against Defendant CENLAR AGENCY, INC., based on Defendant's breach of M.G.L ch. 93A §§ 2 & 19;

e. On Count IV, treble the amount of Plaintiff's damages against Defendant, as provided by M.G.L. ch. 93A;

f. On Count IV, award Plaintiff reimbursement for all costs and reasonable attorney fees against Defendant as provided by M.G.L. ch. 93A;

g. Issue an injunction barring CENLAR AGENCY, INC. from making any negative report to any credit bureau regarding Mr. Musa's HELOC that is the subject matter of this complaint; and

h. grant other and further relief as this Court deems just.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted,

September 28, 2021

BRYAN A. MUSA
By his Attorney,

Kayla E. Boehlen, BBO# 706274
ENCE & BOEHLEN, PLLC
100 Main Street
Agawam, MA  01001
Tel. 413-730-4455
Fax 888-730-4456
kayla@law-eb.com